**WO** LMH

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rene Antonio Vera, | No. CV 05-1078-PHX-NVW (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Albert Smith, et al., | |
| Defendants. | |

This is a civil rights action pursuant to 42 U.S.C. § 1983 filed by an inmate confined in the Cimarron Unit of the Arizona State Prison Complex in Tucson, Arizona. The Court will dismiss the action with leave to amend.

**A.    Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff has now cured previously noted deficiencies regarding his application to proceed *in forma pauperis*. See Dkt. ##3, 6, 7. His request will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. An initial partial filing fee of $3.61 will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court. Thereafter, Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**JDDL-K**

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.      Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130. The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 124 S. Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, *with* leave to amend because the complaint may possibly be saved by amendment.

**C.      Complaint.**

Plaintiff sues the City of Phoenix Police Department and one of its officers, Albert Smith, solely in his official capacity. Plaintiff alleges that Officer Smith, during an arrest, punched Plaintiff behind his head with a gun, slammed Plaintiff's face on the sidewalk, put

his knee in Plaintiff's back, and then kicked Plaintiff. Other unidentified officers arrived and joined Smith in kicking Plaintiff. Afterwards, Plaintiff did not receive medical attention. He was transported to the jail and when he asked for medical attention, the intake person replied that she did not speak Spanish. Over a fifteen-day period, Plaintiff made medical requests because he was dizzy and in pain. He was ultimately diagnosed with fractured ribs and a concussion. For relief, he requests an award of 3.5 million dollars or compensation for all the time he has been in custody for a crime he did not commit.

**D.    Failure to State a Claim.**

*1. Municipal liability*

Plaintiff sues the city police department and one of its officers solely in his official capacity. When a person is sued in an official capacity, the real party in interest is the entity of which the officer is an agent. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)). Thus, a suit against Officer Smith in his official capacity is akin to a suit against the city itself.

A municipality such as a city is not liable unless its policy or custom caused the constitutional injury. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993); Monell v. Dept. of Soc. Servs., 436 U.S. 658, 688-89 (1978); Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). The actions of individuals may support liability only if the employees were acting pursuant to an official policy, longstanding practice or custom. Botello v. Gammick, 413 F.3d 971, 978-79 (9th Cir. 2005); Cortez, 294 F.3d at 1188. For an action against an official-capacity defendant, a plaintiff must allege that the defendant acted according to policy or custom. Berry v. Baca, 379 F.3d 764, 767 (9th Cir. 2004) (quoting Monell, 436 U.S. at 694).

Plaintiff has not alleged that an official policy or custom of the city police department caused him to suffer harm, nor has he alleged that Defendant Smith acted pursuant to a policy or custom by using excessive force in arrest. Accordingly, Plaintiff fails to state a claim upon which relief may be granted.

    *2. Damages for incarceration*

To the extent that Plaintiff requests compensation for the time that he claims he was held in custody illegally, he fails to state a claim. The fact of arrest itself can be constitutional even though excessive force may have been used in accomplishing it. In other words, excessive force in arrest does not necessarily imply that the ensuing conviction and incarceration are invalid. Even if Plaintiff's claim did imply that his custody was invalid, the claim would be premature. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (prisoner must show "favorable termination" of underlying conviction or sentence before recovering damages on a claim that implies that the imprisonment was unconstitutional). Plaintiff may not obtain damages for illegal incarceration based on the facts alleged in this Complaint.

**E.     Leave to Amend.**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Plaintiff may amend his Complaint to cure the deficiencies outlined above. The Clerk of Court will be directed to provide Plaintiff with a Court-approved form for filing a civil rights complaint. Plaintiff is advised that the amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Any amended complaint submitted by Plaintiff should be clearly designated as such on the face of the document.

An amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent. Ferdik, 963 F.2d at 1262. Thus, causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**F.     Address Changes.**

In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he must file a notice of change of address if his address changes. Plaintiff is again reminded that at all times during the pendency of this action, Plaintiff shall immediately advise the

1 Court of any change of address and its effective date. Such notice shall be captioned
2 "NOTICE OF CHANGE OF ADDRESS." Plaintiff shall serve a copy of the Notice of
3 Change of Address on all opposing parties. The notice shall contain only information
4 pertaining to the change of address and its effective date, and shall not include a motion for
5 other relief. Failure to timely file a notice of change of address may result in the dismissal
6 of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil
7 Procedure.

8 **G.    Warning of Possible Dismissal.**

9 Plaintiff should take note that if he fails to timely comply with every provision of this
10 Order, this action will be dismissed without further notice. See Ferdik, 963 F.2d at 1260-
11 61(district court may dismiss action for failure to comply with any order of the Court).
12 Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff
13 fails to file an amended complaint correcting the deficiencies identified in this Order, the
14 dismissal of this action will count as a "strike" under the "three strikes" provision of the
15 Prison Litigation Reform Act. See 28 U.S.C. § 1915(g).

16 **IT IS THEREFORE ORDERED that:**

17 (1) Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28
18 U.S.C. § 1915(a)(1).

19 (2) Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
20 Plaintiff is assessed an initial partial filing fee of $3.61. All fees shall be collected and paid
21 in accordance with this Court's Order to the appropriate government agency filed
22 concurrently herewith.

23 (3) The Complaint is **dismissed** for failure to state a claim. Plaintiff shall have **30**
24 **days** from the date this Order is filed to file an Amended Complaint in compliance with this
25 Order.

26 (4) The Clerk of Court shall enter a judgment of dismissal of this action with
27 prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint
28 within thirty (30) days of the date this Order is filed. Upon entry of judgment, the Clerk shall

1  make an entry on the docket in this matter indicating that the dismissal of this action falls
2  within the purview of 28 U.S.C. § 1915(g).

3      (5) Aside from the two copies of the complaint or amended complaint that must be
4  submitted pursuant to LRCiv 3.5(a), a clear, legible copy of every pleading or other
5  document filed shall accompany each original pleading or other document filed with the
6  Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. See
7  LRCiv 5.4. Failure to comply with this requirement may result in the pleading or document
8  being stricken without further notice to Plaintiff.

9      (6) The Clerk of Court is directed to provide to Plaintiff a current court-approved
10 form for filing a civil rights complaint by a prisoner.

11     DATED this 13th day of October, 2005.

                                Neil V. Wake
                                United States District Judge