**WO**                                                        LMH

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rene Antonio Vera, | No. CV 05-1078-PHX-NVW (JRI) |
|     Plaintiff, | **ORDER** |
| vs. | |
| Albert Smith, et al., | |
|     Defendants. | |

In this civil rights action filed by a state prisoner, Plaintiff has submitted a First Amended Complaint. The Court will order Defendant Smith to answer the First Amended Complaint and dismiss Defendant City of Phoenix Police Department without prejudice.

**A.**     **Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

**B.**     **First Amended Complaint.**

Plaintiff sues the City of Phoenix Police Department and one of its officers, Albert Smith. Plaintiff alleges that Officer Smith, during an arrest, punched Plaintiff behind his

head with a gun, slammed Plaintiff's face on the sidewalk, put his knee in Plaintiff's head, and then kicked Plaintiff. Other unidentified officers arrived and joined Smith in kicking Plaintiff. They did not stop until they heard over their radios that civilians were watching. Plaintiff also alleges that the officers were deliberately indifferent to his medical needs. He suffered various physical injuries, including fractured ribs and a bump on his head. For relief, he requests an award of 3.5 million dollars and an order for medical treatment. These allegations adequately state a claim against Defendant Smith, and the Court will require him to answer the Complaint.

The Court will, however, dismiss the City of Phoenix Police Department. Plaintiff was informed in the Court's earlier Order that to state a claim against the city, he must allege that his injury occurred as a result of a policy or custom of the city. Plaintiff has not set forth any allegations to cure that deficiency.

Plaintiff may have intended to sue the unidentified police officers who joined Smith in kicking him; his allegations are not entirely clear. See First. Am. Compl. at 2, ¶ 4. The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Thus, Plaintiff he may later seek to amend his complaint to add these person as parties once he learns the names in discovery.

**C.    Warning of Possible Dismissal Pursuant to Rule 41.**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED that:**

(1) Defendant City of Phoenix Police Department is dismissed without prejudice.

(2) Defendant Smith will be required to answer the First Amended Complaint.

    (3) The Clerk of Court shall send Plaintiff a service packet including the First Amended Complaint (Doc. #10), this Order, and both summons and request for waiver forms for Defendant Smith.

    (4) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

    (5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on the Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

    (6) The United States Marshal shall retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

    (7) The United States Marshal shall notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

        (a) Personally serve copies of the Summons, First Amended Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

        (b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying

1  additional copies of the Summons, First Amended Complaint, or this Order and for
2  preparing new process receipt and return forms (USM-285), if required.  Costs of
3  service will be taxed against the personally served defendant pursuant to Rule 4(d)(2)
4  and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the
5  Court.

6  (8) **A Defendant who agrees to waive service of the Summons and First Amended**
7  **Complaint shall return the signed waiver forms to the United States Marshal, not the**
8  **Plaintiff.**

9  (9)  Defendant shall answer the First Amended Complaint or otherwise respond by
10 appropriate motion within the time provided by the applicable provisions of Rule 12(a) of
11 the Federal Rules of Civil Procedure.

12 (10) Any answer or responsive pleading shall state the specific Defendant by name
13 on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other
14 motion or paper that does not identify the specific Defendant by name on whose behalf it is
15 filed.

16 (11)  Plaintiff shall serve upon Defendant, or if appearance has been entered by
17 counsel, upon counsel, a copy of every further pleading or other document submitted for
18 consideration by the Court.  Plaintiff shall include with the original document and copy, to
19 be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of
20 the pleading or document was mailed to Defendant or counsel.  Any paper received by a
21 District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court
22 may be disregarded by the Court.

23 (12) At all times during the pendency of this action, Plaintiff shall immediately advise
24 the Court and the United States Marshal of any change of address and its effective date.
25 Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall
26 contain only information pertaining to the change of address and its effective date.  Plaintiff
27 shall serve a copy of the notice on all opposing parties. The notice shall not include any
28 motions for any other relief. Failure to file a Notice of Change of Address may result in the

1  dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules
2  of Civil Procedure.
3      (13) A clear, legible copy of every pleading or other document filed shall accompany
4  each original pleading or other document filed with the Clerk for use by the District Judge
5  or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement
6  may result in the pleading or document being stricken without further notice to Plaintiff.
7      (14)  This matter is referred to Magistrate Jay R. Irwin pursuant to Local Rules of
8  Civil Procedure 72.1 and 72.2 for further proceedings.
9      DATED this 17th day of November, 2005.

_____
Neil V. Wake
United States District Judge

TERMPSREF

- 5 -